AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>TEODULO IBARGUEN GARCES<br>CELESTINO FLOREZ POTES<br>IBAN SINISTERRA MOSQUERA<br><br>*Defendant(s)* | Case No. **8:21 MJ 1764 TGW** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 28, 2021__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b). | Conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and a quantity of marihuana while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine and a quantity of marihuana, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ashley McKay, Special Agent, CGIS
*Printed name and title*

Sworn to before me over the telephone and signed pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 08/02/2021

_____
*Judge's signature*

City and state: Tampa, Florida

Thomas G. Wilson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Ashley N. McKay, being duly sworn, deposes and states the following:

1. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2013. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program and numerous other training programs related to criminal investigations. I have been assigned as a Special Agent to the Operation Panama Express Strike Force since July 2020. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. I have been employed by the United States Coast Guard ("USCG") for 19 years. Prior to becoming a Special Agent with CGIS, I was an Operations Specialist with the USCG, responsible for

coordinating search and rescue operations, and enforcing local, state, and federal maritime law. During my tenure with the USCG, I have also earned an Associate and Bachelor's degree from American Military University.

## Statutory Authority

3. This affidavit is submitted in support of a criminal complaint and the issuance of arrest warrants for the following individuals:

   a. Teodulo Ibarguen **GARCES**

   b. Celestino Florez **POTES**

   c. Iban Sinisterra **MOSQUERA**,

all of whom are Colombian nationals, who while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully conspired to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, and a quantity of a mixture and substance containing a detectable amount of marijuana in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C §§ 960(b)(1)(B)(ii) and 960(b)(4).

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## Probable Cause

6. On or about July 28, 2021, while on routine patrol in the Eastern Pacific ocean, a Maritime Patrol Aircraft ("MPA") located a go-fast vessel ("GFV") approximately 50 nautical miles south of Puntarenas, Costa Rica, in international waters. The United States Coast Guard Cutter ("USCGC") MOHAWK was diverted to investigate the GFV, which displayed no indicia of nationality.

7. The USCGC MOHAWK boarding team gained positive control of the GFV without incident and conducted a right of visit (ROV) boarding to determine the nationality, if any, of the GFV. The boarding team identified three (3) crewmembers on board the GFV, all Colombian nationals: **Teodulo Ibarguen GARCES, Celestino Florez POTES, and Iban Sinisterra MOSQUERA.** **Teodulo Ibarguen GARCES**, claimed to be the Master, but made no claim of nationality for

3

the GFV. Since no indicia of nationality was observed on the GFV and no claim of nationality was made for the vessel after a request was made, the GFV was treated as without nationality, and subject to the jurisdiction of the United States.

8. The boarding team from the MOHAWK recovered thirteen (13) packages that were found tied to the GFV and floating in the water. The boarding team conducted two narcotics identification tests on one of the packages, which were both positive for cocaine. Inspection of other packages revealed the presence of marijuana. In total, approximately 300 kilograms of cocaine and 44 pounds of marijuana were seized from the GFV.

9. The boarding team conducted two narcotics identification tests on one of the packages onboard the GFV, and both tested positive for cocaine.

## Conclusion

10. Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that **Teodulo Ibarguen GARCES, Celestino Florez POTES, and Iban Sinisterra MOSQUERA** knowingly and willfully possessed and conspired to possess, with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 21, United States

Code Sections 960(b)(1)(B)(ii) and 960(b)(4), as described herein.

_____
Ashley N. McKay
Special Agent
Coast Guard Investigative Service

Sworn to and subscribed before me this 2nd day of August, 2021.

_____
Thomas G. Wilson
United States Magistrate Judge